# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**James W.,**
**Petitioner Below, Petitioner**

**FILED**

January 30, 2015
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs)   No. 14-0340** (Fayette County 13-C-331)

**David Ballard, Warden, Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner James W.,[1] appearing *pro se*, appeals the order of the Circuit Court of Fayette County, entered March 11, 2014, denying his instant petition for writ of habeas corpus. Respondent David Ballard, Warden, Mt. Olive Correctional Complex, by counsel Julie A. Warren, filed a response, and petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On January 9, 2008, petitioner was charged in an indictment with seven counts of first degree sexual assault in violation of West Virginia Code § 61-8B-3; seven counts of sexual abuse by a parent, guardian, or custodian in violation of West Virginia Code § 61-8D-5; and seven counts of incest in violation of West Virginia Code § 61-8-12. All of the charges arose from seven separate acts involving petitioner's step-daughter, J.T., during the first seven months of 2007.

At trial, Sandra T. testified that she had been married to petitioner for eleven years[2] when, on July 29, 2007, she discovered petitioner with her eleven-year-old daughter, J.T., in a back room of their home. Sandra T. testified that she observed petitioner in a prone position above her daughter, who was lying on a mattress, with the front of his sweat pants pulled below his genitals revealing his erection. Sandra T. testified that her daughter later told her that "it had been going on" for a long time. During Sandra T.'s testimony, she identified various letters that she had received from petitioner while he was in jail awaiting trial, which letters included language such as, "I

---

[1] Consistent with our practice in cases involving sensitive facts, we use only petitioner's first name and last initial, and identify the minor victim only by her initials. *See State ex rel. W.Va. Dept. of Human Services v. Cheryl M.*, 177 W.Va. 688, 689 n.1, 356 S.E.2d 181, 182 n.1 (1987).

[2] Sandra T. and petitioner are now divorced.

1

know what I am accused of and that this is all my fault . . ." and "I don't expect you to trust me around your kids ever again . . . ."

The victim, J.T., testified at trial that petitioner placed his penis in her vagina at least once during each of the months of January through July of 2007. The trial transcript also contains the testimony of the State's medical expert, Fred Akerberg, M.D., who testified that his sexual assault examination of J.T. showed "no evidence of a hymen or hymenal remnants" which, in the majority of cases, is caused by something penetrating the vagina. However, Dr. Akerberg testified that activities such as horseback riding and misusing a feminine hygiene product could also result in a broken hymen.

Following trial, the jury returned a verdict finding petitioner guilty on all twenty-one counts of the indictment. The pre-sentence investigation report reflected that petitioner showed no remorse and did not accept responsibility for his conduct. The report further reflected petitioner's criminal history, including multiple prior convictions for grand theft, battery, robbery, and burglary, as well as a history of probation and parole violations. Based on these factors, the circuit court found that there was a substantial risk that petitioner would reoffend. The circuit court imposed an overall sentence of 135 to 440 years in prison.

When petitioner appealed his convictions and sentence, this Court affirmed in *State v. [James W.]*, ("*James W. I*"), No. 11-0586 (W.Va. Supreme Court, November 28, 2011) (memorandum decision). In affirming the trial court's order, we noted that petitioner challenged only his convictions relating to incidents occurring in January of 2007. We rejected petitioner's insufficient evidence argument by finding that "J.T.'s testimony supports the jury's factual finding that petitioner had vaginal intercourse with her in January of 2007, and the verdict as to the three counts involving the January 2007 incident should not be disturbed." *Id.* at *4.

On April 18, 2012, petitioner filed his first petition for writ of habeas corpus alleging eight grounds for relief: (1) ineffective assistance of both trial and appellate counsel; (2) knowing use of perjured testimony; (3) conviction wrongfully obtained; (4) insufficient evidence of guilt beyond a reasonable doubt; (5) multiple charges for the same offense; (6) actual innocence; (7) defective jury instructions; and (8) cumulative error. The circuit court denied this petition by an order entered May 14, 2012, without a hearing or appointment of counsel. This Court affirmed the denial of habeas relief in *James W. v. Ballard*, ("*James W. II*"), No. 12-0800, at *3 (W.Va. Supreme Court, July 8, 2013) (memorandum decision), concluding that "the circuit court correctly determined that petitioner either did not support his grounds with adequate factual support or raised grounds that were not cognizable in habeas corpus."

On December 19, 2013, petitioner filed the instant petition for writ of habeas corpus alleging five grounds for relief: (1) ineffective assistance of trial counsel; (2) ineffective assistance of appellate counsel; (3) erroneous admission into evidence of petitioner's letters to his wife; (4) invalid indictment; and (5) prosecutorial misconduct. The circuit court rejected petitioner's allegations against trial counsel[3] noting that the undersigned judge (a) had presided at trial; (b) had

---

[3] Petitioner specifically alleged that trial counsel (1) failed to call a defense medical expert;

reviewed the trial transcript in his review of petitioner's second petition; and (c) had previous experience with petitioner's trial counsel. The circuit court also rejected petitioner's claim that appellate counsel had erroneously implied that petitioner was guilty in his direct appeal.[4]

Next, the circuit court found that petitioner's letters to his wife were properly admitted at trial. The circuit court also rejected petitioner's contention that the indictment was invalid because, while the counts alleging first degree sexual assault more closely tracked the language of the 2000 version of West Virginia Code § 61-8B-3 than the language of the 2006 version of the statute, the two versions were materially identical. Finally, the circuit court determined that, while the prosecutor asked an improper question of petitioner's former employer regarding petitioner's possible alibi defense, the inquiry did not amount to prosecutorial misconduct because the court sustained trial counsel's objection to the question and there was no need to instruct the jury to disregard the question. Accordingly, the circuit court denied petitioner's instant habeas petition on March 11, 2014, without a hearing or appointment of counsel.

Petitioner now appeals the circuit court's March 11, 2014, order denying habeas relief. We apply the following standard of review in habeas cases:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of

---

(2) failed to explain a plea offer to petitioner; (3) failed to adequately assert an alibi defense; (4) failed to conduct an adequate investigation; and (5) failed to impeach petitioner's former wife, Sandra T., with a prior conviction. Of these specific allegations, the circuit court found that petitioner failed to support allegations (2) and (5) with sufficient factual support to allow them to be adjudicated because (a) while petitioner alleged there was a verbal plea offer, he did not provide the terms of this alleged offer and no evidence of any such offer was found in the record; and (b) while petitioner alleged that Sandra T. had outstanding arrest warrants for writing fraudulent checks and had spent time in jail—not prison—in another state, no evidence was found of any actual conviction, which would be required to impeach Sandra T. under Rule 609 of the West Virginia Rules of Evidence. From our review of the record, we likewise find that allegations (2) and (5) could not be adjudicated in the instant proceeding because of the lack of supporting factual assertions. *See* W.Va. R. Post-Conviction Habeas Corpus Proceedings 4(c) ("If the petition contains a mere recitation of grounds without adequate factual support, the court may enter an order dismissing the petition, without prejudice, with directions that the petition be refiled containing adequate factual support."). We further find that the circuit court rejected the remaining claims of ineffective assistance on their merits.

[4] Appellate counsel made reference to J.T.'s "loss of innocence." Even if counsel made a factually disputed reference, we find that it did not result in the rejection of petitioner's arguments in his direct appeal because, even without that reference, the evidence in support of the affirmation of petitioner's conviction was overwhelming. *See* Discussion, *infra*.

law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Petitioner argues that West Virginia's post-conviction habeas corpus statute, West Virginia Code §§ 53-4A-1 to -11, has been interpreted to provide that a petitioner must be afforded an omnibus evidentiary hearing with appointment of counsel at some point during post-conviction proceedings. *See* Syl. Pt. 2, *Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981) (holding that doctrine of res judicata will not bar subsequent habeas petitions until an omnibus evidentiary hearing, with appointment of counsel, has been held).[5] Respondent warden counters that there is no requirement that such a hearing has to be held on every petition filed. To the contrary, as respondent warden notes, "[a] court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing and without appointing counsel for the petitioner if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief." Syl. Pt. 1, *Perdue v. Coiner,* 156 W.Va. 467, 194 S.E.2d 657 (1973). With these principles in mind, we now address petitioner's specific grounds for relief:

<u>Assuming, arguendo, that there was ineffective assistance</u>
<u>by either trial or appellate counsel, any such ineffectiveness</u>
<u>was not the but for cause of petitioner's convictions.</u>

In West Virginia, claims of ineffective assistance of counsel are governed by the two-pronged test established in *Strickland v. Washington,* 466 U.S. 668 (1984): (a) counsel's performance was deficient under an objective standard of reasonableness; and (b) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *See* Syl. Pt. 5, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995). While the circuit court focused on the first prong of the *Strickland/Miller* standard, a petitioner's failure to satisfy either prong means that his claim is denied. Therefore, we will focus on the second prong—whether, assuming, arguendo, that there was ineffective assistance, it was the but for cause of petitioner's convictions—and will address petitioner's specific allegations only to the extent that petitioner asserts that the alleged ineffectiveness affected the quality of the evidence against him.

We find that the evidence against petitioner consists of (1) the testimony of his former wife, Sandra T., that she discovered petitioner in a prone position above her daughter with the front

---

[5] We note petitioner's argument that the circuit court's denial of his instant habeas petition ran afoul of our holding in Syllabus Point 2 of *Losh* because the circuit court made certain references in its March 11, 2014, order, that the denial of petitioner's first petition precluded him from raising some claims in the instant petition. We reject this argument because the circuit court made sufficient findings independent of its conclusion that the doctrine of *res judicata* may have barred certain claims to show that its error in applying the doctrine in this case was harmless and did not affect the validity of the denial of the second petition.

of his sweat pants pulled below his genitals revealing his erection; (2) the testimony of the victim, J.T., that petitioner placed his penis in her vagina at least once during each of the months of January through July of 2007, and (3) the testimony of Dr. Akerberg that his examination of J.T. showed no evidence of a hymen which, in the majority of cases, is caused by something penetrating the vagina. First, petitioner asserts that counsel should have attacked Sandra T.'s credibility pursuant to Rule 609 of the West Virginia Rules of Evidence. However, petitioner's factual allegations in this regard do not show that Rule 609 was applicable in this case.[6] Thus, we find that petitioner's claim that Sandra T.'s credibility was vulnerable to attack is unsubstantiated in the instant case.

Petitioner challenged the sufficiency of J.T.'s testimony in his direct appeal by alleging that there was no evidence to support his convictions relating to incidents occurring in January of 2007.[7] We rejected petitioner's contention by finding that "J.T.'s testimony supports the jury's factual finding that petitioner had vaginal intercourse with her in January of 2007, and the verdict as to the three counts involving the January 2007 incident should not be disturbed." *James W. I* at *4. We note that our memorandum decision in *James W. I* constitutes a decision on the merits[8] and, therefore, conclude that the sufficiency of J.T.'s testimony is no longer open to question.

Finally, in the instant case, petitioner asserts that his trial counsel should have retained a defense expert to explain that there could have been causes for a broken hymen other than vaginal penetration. In its March 11, 2014, order denying petitioner's second habeas petition, the circuit court determined that counsel had no need to retain a defense expert because Dr. Akerberg testified that activities such as horseback riding and misusing a feminine hygiene product could have also resulted in a broken hymen. We agree that Dr. Akerberg provided the testimony that petitioner states was important for the jury to hear and that the jury gave the testimony the weight it deserved.[9] Thus, we likewise determine that it was not necessary for counsel to have retained an additional expert. Therefore, we find that any alleged ineffective assistance did not affect the quality of the evidence against petitioner and that in light of such evidence; the alleged ineffectiveness was not the but for cause of petitioner's convictions. We conclude that the circuit court did not abuse its discretion in denying petitioner's ineffective assistance of counsel claim.

---

[6] *See* fn. 3.

[7] As previously indicated, petitioner did not challenge his other convictions.

[8] Rule 21(a) of the West Virginia Rules of Appellate Procedure provides that a memorandum decision "address[es] the merits of the case."

[9] In *State v. Guthrie,* 194 W.Va. 657, 669 n. 9, 461 S.E.2d 163, 175 n. 9 (1995), we noted that "[a]n appellate court may not decide the credibility of witnesses or weigh evidence as that is the exclusive function and task of the trier of fact."

Petitioner's claim regarding the admissibility of his letters is not cognizable in habeas corpus.

Petitioner argues that his letters to his then-wife were admitted erroneously based on the marital confidence privilege found at West Virginia Code § 57-3-4. We decline to address this issue because, given that it is an evidentiary issue founded on a statute, we determine that the issue is not cognizable in habeas corpus. *See* Syl. Pt. 4, *State ex rel. McMannis v. Mohn,* 163 W.Va. 129, 254 S.E.2d 805 (1979), *cert. denied,* 464 U.S. 831 (1983) ("A habeas corpus proceeding is not a substitute for a writ of error in that ordinary trial error not involving constitutional violations will not be reviewed.").

The indictment against petitioner was not invalid.

The victim, J.T., was eleven years old at the time of the 2007 incidents. In charging petitioner with first degree sexual assault, those counts of the indictment utilized the language of the 2000 version of West Virginia Code § 61-8B-3 and referred to the victim as "eleven years old or less." However, by the time of the 2007 incidents, amendments to West Virginia Code § 61-8B-3 had changed the language to "younger than twelve years old." "Eleven years old or less" and "younger than twelve years old" are materially identical to each other. Therefore, we find petitioner's argument that the indictment was invalid, because the counts charging first degree sexual assault used the older language from the 2000 version of West Virginia Code § 61-8B-3, to be meritless.

There was no prosecutorial misconduct.

After petitioner's counsel elicited testimony from petitioner's former employer about his work schedule during the relevant period of 2007, the prosecutor asked petitioner's employer on cross examination the following question: "So, wasn't there time from January through July 2007 for [petitioner] to have had enough time to have engaged ins [sic] sexual intercourse with another person?" Petitioner's counsel objected to the question, and the circuit court sustained the objection. In its March 11, 2014 order, denying petitioner's second habeas petition, the circuit court determined that asking the question did not raise to the level of prosecutorial misconduct. We agree with the circuit court's determination because, while the prosecutor may have asked an improper question, it was appropriate to inquire whether petitioner had enough time to pursue other activities given that, as petitioner himself states, his counsel was attempting to establish an alibi defense.[10] Therefore, we conclude that there was no prosecutorial misconduct.

For the foregoing reasons, we find no error in the decision of the Circuit Court of Fayette County and affirm its March 11, 2014, order denying petitioner's instant petition for writ of habeas corpus.

---

[10] Petitioner's only complaint is that counsel did not establish his alibi well enough. As previously explained, *supra*, even if counsel could have done a better job to establish an alibi defense, such ineffective assistance was not the but for cause of petitioner's convictions.

6

Affirmed.

**ISSUED:** January 30, 2015

**CONCURRED IN BY:**

**Chief Justice Margaret L. Workman**
**Justice Robin Jean Davis**
**Justice Brent D. Benjamin**
**Justice Menis E. Ketchum**
**Justice Allen H. Loughry**